IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEMETRIAS TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-035 |
| | ) | |
| TIMOTHY WARD, Commissioner; | ) | |
| JERMAINE WHITE, Warden; DR. DAVID | ) | |
| CHENEY; TELFAIR STATE PRISON | ) | |
| MEDICAL DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING THE COMPLAINT**

   A. **BACKGROUND**

Plaintiff names the following Defendants: (1) Timothy Ward, Commissioner; (2) Mr. Jermaine White, TSP Warden; (3) Dr. David Cheney; and (4) TSP Medical Department. (Doc. no. 1, p. 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. The medical department at TSP has prescribed Plaintiff

Celexa and Cymbalta since his arrival at the prison on March 18, 2022. (Id. at 5.) Plaintiff has been taking Celexa but was unaware of the Cymbalta prescription until the medical team informed him. At the medical team's instruction, Plaintiff began taking Cymbalta alongside Celexa, and the combination of these prescriptions caused him to suffer migraines, diarrhea, and chest pain. (Id.) The medical department allowed Plaintiff to take Cymbalta for several weeks. (Id. at 5, 7.) Plaintiff believes Cymbalta is the wrong medication and accuses the medical department of committing malpractice by providing it. As relief, Plaintiff seeks compensatory and punitive damages in the amount of $50,000. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Ward and White for Supervisor Liability

Plaintiff fails to state a claim for relief against Commissioner Ward and Warden White, respectively. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).

Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Ward and White liable, Plaintiff must demonstrate they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name these two defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at TSP.

Plaintiff fails to allege either (1) these defendants were present for, or participated in, Plaintiff's medical treatment; (2) these defendants were responsible for examining Plaintiff or making any determination about the timing or type of treatment for Plaintiff; or (3) the requisite causal connection between these defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

Further, courts have recognized that supervisory prison officials who are not medical professionals are entitled to rely on the decisions of trained medical practitioners regarding

care provided to inmates.  See Williams v. Limestone Cnty., Ala., 198 F. App'x 893, 897-98 (11th Cir. 2006) (*per curiam*); Rutledge v. Lift, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), *adopted by* 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

    Nor can Plaintiff establish these supervisory defendants or other individuals were directly involved with his medical care by alleging they received after-the-fact notification of an alleged problem from Plaintiff.  See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread abuse regarding improper medical treatment at TSP, (2) an improper custom or policy put in place by either defendant regarding medical treatment, or (3) an inference either of these supervisory defendants directed prison employees to act, or knew they would act, unlawfully. At best, Plaintiff has alleged he notified the supervisors of a problem. As a prison complaint procedure does not provide a constitutionally protected interest, Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011), and as explained above, supervisory liability cannot be imposed based on responding to a complaint, Warden White and Commissioner Ward cannot be held liable based on the manner in which they addressed Plaintiff's complaint, nor be held liable because they did not conduct

6

an after-the-fact investigation to Plaintiff's satisfaction.  Plaintiff says nothing about any supervisor knowing Plaintiff received improper medication.

In sum, Plaintiff has not shown Defendants Ward or White actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against them, and Defendants Ward and White should be dismissed from this case.

### 3. Telfair State Prison Is Not Subject to Liability in a § 1983 Suit

Telfair State Prison is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims.  See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), adopted by 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law).  Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation.  See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Accordingly, Plaintiff's claims against Defendant Telfair State Prison should be dismissed without prejudice.

### 4. Plaintiff Does Not State a Medical Deliberate Indifference Claim against Defendants

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Thus, mere allegations of negligence or malpractice do not amount to deliberate

indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).  Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference.  Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).  Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

Here, Plaintiff claims he has been the victim of "medical negligence," due to his difference in opinion over whether he should be given Cymbalta, but nothing more. (Doc. no. 1, p. 6.)  Mere negligence or "medical malpractice" does not amount to deliberate indifference. (Id. at 7.)  See also Palazon, 361 F. App'x at 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).  As explained by the Eleventh Circuit, the Eighth Amendment does not mandate that the medical

care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  Therefore, Plaintiff fails to state a claim for relief for deliberate indifference to his medical needs.

## II.   CONCLUSION

Because Plaintiff fails to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** the case be dismissed without prejudice.

SO REPORTED and RECOMMENDED this 1st day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA